# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 18, 2012

## TOM PERRY BELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 283822      Barry Steelman, Judge**

---

**No. E2012-01142-CCA-R3-PC - Filed January 22, 2013**

---

The petitioner, Tom Perry Bell, appeals pro se from the Hamilton County Criminal Court's summary dismissal of his petition for post-conviction relief, which challenged his 1979 and 1984 convictions of second degree criminal sexual conduct and attempt to commit a felony, respectively. Discerning no error, we affirm the post-conviction court's order.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Tom Perry Bell, Whiteville, Tennessee, pro se.

Robert E. Cooper, Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that, on September 18, 1979, the petitioner pleaded guilty to two counts of criminal sexual conduct in exchange for a sentence of concurrent terms of two years' incarceration. On July 23, 1984, the petitioner entered a guilty plea to the charge of attempt to commit a felony and, again, was sentenced to two years' incarceration. Although it is not entirely clear from the record, these prior convictions were apparently introduced in a June 7, 2010 sentencing hearing for the purpose of enhancing the petitioner's sentence following his plea of guilty to the charge of burglary of a business. Within one year of that sentencing, the petitioner filed a petition for post-conviction relief from both the 1979 and 1984 convictions. The trial court summarily dismissed the petition for failure to timely file for relief, and this court affirmed the trial court's dismissal on December 13, 2011. On May 1, 2012, the petitioner filed a second petition for post-conviction relief from the 1979

and 1984 convictions claiming that said convictions had been reopened to collateral attack when the State used them as a basis for enhancing his 2010 sentence. Once again, the trial court summarily dismissed the petition, finding that, first, the petition sought relief from judgments in more than one proceeding, and second, the claims were both untimely filed. From this dismissal, the petitioner filed a timely notice of appeal.

On appeal, the petitioner challenges the summary dismissal of his petition for post-conviction relief, contending that he did, in fact, timely file. Despite the fact that the 1979 and 1984 sentences were served decades ago, the petitioner asserts that the use of those convictions to enhance his present sentence for burglary effectively places him "in custody" under the former sentences, and thus, the former sentences attach to the burglary sentence for the purpose of the one-year statute of limitations. Additionally, the petitioner alleges that the trial court failed to advise him of his constitutional right against self-incrimination and to address him in open court to determine whether his guilty plea was made voluntarily and knowingly. The State argues that the petition at issue was not timely filed.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a) (2006). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed

within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process requires tolling of the statute of limitations, we must first determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and, finally, "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, the petitioner challenged his 1979 and 1984 convictions through a petition for post-conviction relief filed in 2011, some 25 to 30 years after those judgments became final. The statutory grounds for the tolling of the statute of limitations are not applicable. Moreover, due process principles do not mandate the tolling of the statute of limitations in either case because the petitioner's claims for relief, involuntary pleas and failure to advise him of his constitutional rights, are not "later-arising." Nothing indicates the petitioner needed additional time to reasonably be able to assert these claims. Finally, although a petitioner generally may use a post-conviction petition to challenge a conviction that is used to enhance a later conviction, even if the sentence for the earlier conviction has

been served and has expired, *see, e.g.*, *Hickman v. State*, 153 S.W.3d 16, 23 n.4 (Tenn. 2004) ("The language 'in custody' has long been broadly construed to permit persons to collaterally challenge, by means of a post-conviction petition, a judgment of conviction that later may be used to enhance a sentence on another conviction. Such challenges have been allowed even if the sentence on the challenged conviction has been served or has expired at the time the post-conviction petition is filed."), he is required to do so within the statute of limitations or demonstrate that tolling of the limitations period is required. The petitioner in this case has done neither.

In addition to being time-barred, the petitioner's claim for relief fails under Code section 40-30-104(c), which provides as follows:

> The petition for post-conviction relief shall be limited to the assertion of claims for relief from the judgment or judgments entered in a single trial or proceeding. If the petitioner desires to obtain relief from judgments entered in separate trials or proceedings, the petitioner must file separate petitions.

T.C.A. § 40-30-104(c) (2006). In this case, the petition asserts claims from two separate judgments, one from 1979 and one from 1984. Because the petitioner failed to file two separate petitions, as statutorily proscribed, the trial court was correct in dismissing his petition for this reason as well.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-